IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF JUSTICE, )<br><br>Defendant. ) | No. 1:07-cv-00842 RCL<br>Hon. Royce C. Lamberth |

**UNITED STATES DEPARTMENT OF JUSTICE'S MOTION
FOR RELIEF FROM THE COURT'S JULY 10, 2007 ORDER**

Defendant the United States Department of Justice hereby moves this Court for relief from the Court's July 10, 2007 Order. The grounds for this motion are set forth in the accompanying memorandum. A proposed Order is also attached.

Dated: July 18, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN TYLER
Senior Trial Counsel

　 */s/ Jeffrey M. Smith*　
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8470

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　　　　Defendant. | No. 1:07-cv-00842 RCL<br>Hon. Royce C. Lamberth |

**UNITED STATES DEPARTMENT OF JUSTICE'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR RELIEF FROM THE COURT'S JULY 10, 2007 ORDER**

On July 10, 2007, this Court issued, *sua sponte*, an Order stating that "[i]f defendant expects to file a dispositive motion herein, it shall do so within 10 days of this date," *i.e.*, July 24, 2007.[1] Docket No. 4. However, for the reasons set forth below, the Department of Justice ("DOJ") respectfully submits that it is not possible for it to file such a motion by July 24, and that it is furthermore unknown whether a dispositive motion will even be necessary in this case. For these reasons, DOJ respectfully requests that the Court grant DOJ relief from the July 10, 2007 Order.[2]

**Background**

This case concerns a Freedom of Information Act ("FOIA") request that Plaintiff submitted to the Department of Justice ("DOJ"). *See* Declaration of Melanie Pustay, ¶ 3

---

[1] "In computing any period of time prescribed or allowed . . . by order of court . . . [w]hen the period of time allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

[2] Defendant has consulted with counsel for Plaintiff by e-mail and telephone, and Plaintiff does not consent to the relief sought in this Motion.

(July 17, 2007). This request, which DOJ's Office of Information and Privacy ("OIP") received on March 26, 2007, seeks "records 'regarding methods of communication for the [A]ttorney [G]eneral and [D]eputy [A]ttorney [G]eneral in communicating with the White House and any other agency or agency component of the Executive Branch,' dated from January 1, 2001 to the present." *Id.* (alterations in original). This request "specifically includes any 'directive or other statement' regarding the Attorney General or Deputy Attorney General's use of electronic mail (e-mail) at the Department of Justice and records that reflect the Attorney General and Deputy Attorney General's use of e-mail accounts other than those belonging to the Department." *Id.* Plaintiff requested a fee waiver, but did not request expedited processing or suggest that the factors for expedited processing are present. *See id.* (Exhibit A). OIP acknowledged this request by letter dated April 20, 2007, and notified Plaintiff that it would be unable to complete the FOIA request within the statutory time limit because of the need to search other offices. *Id.* ¶ 4.

Based on the subject matter of Plaintiff's FOIA request, OIP determined that the Offices of the Attorney General and Deputy Attorney General were the most likely repositories for the records being sought. *Id.* ¶ 5. Therefore, OIP conducted records searches in those Offices, as well as in the Departmental Executive Secretariat, which serves as the official repository for Attorney General and Deputy Attorney General records. *Id.* These searches are described in Paragraphs 6-12 of the accompanying Declaration of Melanie Pustay.

Searches of the Office of the Attorney General and the Deputy Attorney General require each staff member in those offices to conduct searches, and these "typically involve[ ] hand searches of large paper files, as well as vast number of e-mail files." *Id.* ¶ 6. The computer and hand searches of the Office of the Attorney General, the Office of the Deputy Attorney General,

and the Departmental Executive Secretariat located responsive documents. After reviewing the documents and applying the governing DOJ regulation, OIP determined that, for four of the documents, it was required to undertake consultations with three entities outside OIP. *Id.* ¶¶ 13-14. These consultations must be consulted serially because "only after consulting with particular entities regarding their information can OIP then provide appropriate recommendations to others based on the input received" in the earlier consultation(s). *Id.* ¶ 13. The consultation process began with referral of the four documents to the Office of Legal Counsel on July 9, 2007. *Id.* ¶ 14. This consultation has been completed. *Id.* OIP anticipates that the consultation process will take a total of four weeks to complete. *Id.* ¶ 15. Once this process is complete, OIP will promptly respond to Plaintiff. *Id.* For those documents that do not require consultations, OIP expects to be able to respond to Plaintiff within two weeks.

## Argument

The Court's July 10, 2007 Order essentially puts the cart before the horse, and in doing so, may be read as requiring DOJ to do the impossible. Until the response to Plaintiff's FOIA request is ready, DOJ cannot determine whether a dispositive motion will be required in this case. Indeed, it has not been determined whether any FOIA exemptions will be asserted, and if so, which exemptions over which material. Moreover, it is unknown (and unknowable) whether, once those determinations are made, Plaintiff will challenge any exemptions (if any are asserted). As such, it is not possible for DOJ to file a dispositive motion, or even to determine whether one will be necessary, by July 24, 2007. *Cf. Oglesby v. Department of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990) ("Frequently, if the agency is working diligently, but exceptional circumstances have prevented it from responding on time, the court will refrain from ruling on the request itself and

allow the agency to complete its determination.").

Although, at this point, DOJ is seeking only relief from the Court's sua sponte Order, DOJ is, in any event, entitled to a stay of proceedings pursuant to 5 U.S.C. § 552(a)(6)(C)(i). That provision of FOIA "permits a court to 'retain jurisdiction and allow the agency additional time to complete its review of the records' if 'the Government can show exceptional circumstances exist and the agency is exercising due diligence in responding to the request.'" *Edmonds v. FBI*, 417 F.3d 1319, 1321 n.2 (D.C. Cir. 2005) (quoting § 552(a)(6)(C)(i)).[3] "The courts have interpreted [FOIA] as excusing any delays encountered in responding to a request as long as the agencies are making a good faith effort and exercising due diligence in processing the requests on a first-in first-out basis." *Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1993). Here, it is clear both that DOJ is acting with due diligence and that exceptional circumstances–namely, the need for multiple hand searches by many staffers in two senior leadership offices (which has been done) and the requirement to consult other entities (which is being done)–prevent DOJ from responding to Plaintiff's FOIA request now, although it plans to do so within a few weeks.

Plaintiff's request has required the participation of a number of DOJ components, including senior leadership offices. These components have each worked diligently, and OIP has, pursuant to its regulations, sent the responsive documents for consultation. Despite its diligence, DOJ is not in a position to file a dispositive motion at this time, or to determine

---

[3] Such stays of proceedings pursuant to § 552(a)(6)(C)(i) are common. *See e.g., Electronic Frontier Found. v. Dep't of Justice*, 2007 WL 1334973, at *8 (D.D.C. May 7, 2007); *Ctr. for Pub. Integrity v. U.S. Dep't of State*, 2006 WL 1073066, at *6 (D.D.C. Apr. 24, 2006); *Bower v. FDA*, 2004 WL 2030277, at *3 (D. Me. Aug. 30, 2004); *Appleton v. FDA*, 254 F. Supp. 2d 6, 10 (D.D.C. 2003).

whether such a motion will be necessary.

## Conclusion

For the reasons stated above, DOJ respectively requests relief from the Court's July 10, 2007 Order, and suggests that DOJ submit a status report to the Court within 30 days from the Court's ruling on this Motion, providing information on when a dispositive motion, if necessary, can be filed.

Dated: July 18, 2007                                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN TYLER
Senior Trial Counsel

   */s/ Jeffrey M. Smith*
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8470

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>                Defendant. | No. 1:07-cv-00842 RCL<br>Hon. Royce C. Lamberth |

**[proposed] Order**

Upon consideration of Defendant's Motion for Relief from the Court's July 10, 2007 Order and any response thereto, it is hereby ORDERED that:

Good cause having been shown for relief from the July 10, 2007 Order, Defendants' Motion is GRANTED; and it is FURTHER ORDERED that:

Defendant shall be relieved of any duty to file a dispositive motion within 10 days of the entry of said Order; and it is FURTHER ORDERED that:

Defendant shall submit a Status Report to the Court within 30 days from the date of this Order, unless the case has otherwise been resolved by that time.

_____                                                 _____
   Date                                                                    Hon. Royce C. Lamberth
                                                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF JUSTICE, )<br><br>Defendant. ) | Civil Action No. 1:07-cv-00842<br><br>Hon. Royce C. Lamberth |

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States Department of Justice. In this capacity, I am the final decision-making authority for matters of the Initial Request (IR) Staff, which are subject to litigation. The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Offices of the Attorney General and Deputy Attorney General, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. IV 2004). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

-1-

2) I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

<u>Initial Processing of Plaintiff's Request</u>

3) By letter dated March 22, 2007, Anne L. Weismann, on behalf of plaintiff Citizens for Responsibility and Ethics in Washington (CREW), submitted a FOIA request to OIP for records "regarding methods of communication for the [A]ttorney [G]eneral and [D]eputy [A]ttorney [G]eneral in communicating with the White House and any other agency or agency component of the Executive Branch," dated from January 1, 2001 to the present. This request specifically includes any "directive or other statement" regarding the Attorney General or Deputy Attorney General's use of electronic mail (e-mail) at the Department of Justice and records that reflect the Attorney General and Deputy Attorney General's use of e-mail accounts other than those belonging to the Department of Justice. OIP received the request on March 26, 2007. (A copy of plaintiff's initial request letter is attached hereto as Exhibit A.)

4) By letter dated April 20, 2007, OIP acknowledged receipt of plaintiff's FOIA request on behalf of the Offices of the Attorney General and Deputy Attorney General. OIP's letter advised plaintiff that we would be unable to respond to its FOIA request within the statutory time limit because the records sought were maintained in other Offices, and suggested that plaintiff might wish to narrow the scope of its request in order to speed up the search process. (A copy of OIP's April 20, 2007 letter is attached hereto as Exhibit B.)

5) Based on the subject matter of the request, OIP determined that the Offices of the Attorney General and Deputy Attorney General were the most likely repositories for the records being sought. Therefore, OIP conducted records searches in those Offices, as well as in the

Departmental Executive Secretariat, which serves as the official repository for Attorney General and Deputy Attorney General records.

6) By memoranda dated May 3, 2007, records searches were initiated in the Offices of the Attorney General and the Deputy Attorney General. The practice for these Offices is to notify each individual staff member in that Office of the receipt of OIP's memoranda requesting that a search be conducted, and each staff member's files, both paper and electronic, are then searched as necessary for records responsive to the request. A search of this nature typically involves hand searches of large paper files, as well as a vast number of e-mail files.

7) On May 16, 2007, OIP searched the Departmental Executive Secretariat's Intranet Quorum (IQ) database which covers the period January 1, 2001 through the present. The terms used to complete the search were "communication with white house," "electronic mail directive," "electronic mail account," "e-mail account," "e-mail use," "e-mail directive use," "communication with white house policy." The documents that appeared responsive to plaintiff's FOIA request were retrieved and printed for further review and processing by OIP's IR Staff.

8) On May 16, 2007, the OIP FOIA Specialist assigned to plaintiff's request went to the Office of the Attorney General to search the e-mail of one of its staff members. The documents that appeared responsive to plaintiff's request were printed for further review and processing by OIP's IR Staff.

9) By memorandum dated June 1, 2007, the Office of the Attorney General advised OIP that it had completed its records search and provided records to OIP that were potentially responsive to plaintiff's request.

10) In order to ensure that all possibly responsive records were located and processed, OIP

performed a supplemental Departmental Executive Secretariat search using the term "white house communication." Most of the material that was located was duplicative of what was located in the previous Departmental Executive Secretariat search and some of the material located in the Office of the Attorney General. This search was conducted on June 8, 2007.

11) On June 12, and June 21, 2007, the OIP FOIA Specialist assigned to plaintiff's request contacted the Office of the Deputy Attorney General to check on the status of the search.

12) On July 10, 2007, OIP was advised by the Office of the Deputy Attorney General that its search was complete and that copies of documents were located. OIP determined that the documents were duplicates of documents already located by OIP.

13) Because some of the records OIP is processing contain information of interest to other components within the Department of Justice, as well as to other Executive Branch agencies, OIP is required by regulation to consult with those entities before determining whether to disclose the records at issue. See C.F.R. § 16.4(c)(1) (2006). Each responsive document must be reviewed to determine whether such consultations are necessary, and it is often determined that multiple consults are required for a single document. Furthermore, the content of some documents is such that OIP must conduct these consultations in stages; that is, only after consulting with particular entities regarding their information can OIP then provide appropriate recommendations to others based on the input received on the initial consultations.

14) Prior to the completion of the search in the Office of the Deputy Attorney General, OIP began reviewing the documents located in the Office of the Attorney General and the Departmental Executive Secretariat. By memorandum dated July 9, 2007, OIP forwarded four documents, totaling eleven pages, to the Office of Legal Counsel for consultation. This first consultation has

-4-

been completed. We will next have two additional consultations on that group of documents.

15) OIP anticipates that the consultations will take approximately four weeks to complete. Once OIP receives responses to its remaining consultations, OIP will promptly respond to plaintiff. However, until the consultation and concurrence are completed, OIP cannot make a final response. As to those documents for which no consultations are necessary OIP expects to be able to respond to plaintiff within two weeks.

I declare under penalty of perjury that the foregoing is true and correct.

MELANIE ANN PUSTAY

Executed this 17th day of July, 2007.

**EXHIBIT A**



**CREW** | citizens for responsibility and ethics in washington

March 22, 2007

**By fax (202-514-1009) and first-class mail**

Melanie Ann Pustay
Acting Director
Office of Information and Privacy
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

**Re: Freedom of Information Act Request**

Dear Ms. Pustay:

  Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Justice ("DOJ") regulations, 28 C.F.R. Part 16.

  Specifically, CREW seeks any and all documents dating from January 1, 2001, to the present, regarding methods of communication for the attorney general and deputy attorney general in communicating with the White House and any other agency or agency component of the Executive Branch. This request includes, but is not limited to, any directive or other statement regarding the attorney general's or deputy attorney general's use of email at the Department of Justice ("DOJ"). We also seek any and all documents that reflect the use by the attorney general or deputy attorney general of email accounts other than their DOJ email accounts.

  Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

  If it is your position that any portion of the requested records is exempt from disclosure,



CREW requests that you provide it with an index of those documents as required under <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1972). As you are aware, a <u>Vaughn</u> index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." <u>Founding Church of Scientology v. Bell</u>, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the <u>Vaughn</u> index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" <u>Id</u>. at 224 (citing Mead <u>Data Central v. U.S. Dep't of the Air Force</u>, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. <u>See</u> 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. <u>Mead Data Central</u>, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a <u>Vaughn</u> index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). <u>See, e.g.</u>, <u>McClellan Ecological v. Carlucci</u>, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the degree to which the administration and specifically the attorney general and the deputy attorney general have adopted a policy or practice of not using email to avoid creating a publicly accessible record of their actions.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request,

and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

### Conclusion

Please respond to this request in writing within 20 days. If all of the requested documents are not available within that time period, CREW requests that you provide all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

# EXHIBIT B



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642       Washington, D.C. 20530

APR 2 0 2007

Ms. Anne L. Weismann
Citizens for Responsibility and
 Ethics in Washington                    Re:   AG/07-R0414
1400 Eye Street, NW, Suite 450                  DAG/07-R0415
Washington, DC 20005                            MLF:SBL

Dear Ms. Weismann:

    This is to acknowledge receipt of your letter dated March 22, 2007, which was received in this Office on March 26, 2007, in which you requested records dated January 1, 2001 to the present pertaining to methods of communication for the Attorney General and Deputy Attorney General with the White House and other agencies or agency components of the Executive Branch. This also includes directives concerning the Attorney General and Deputy Attorney General's use of electronic mail (e-mail) at the Department of Justice and records that reflect the Attorney General and Deputy Attorney General's use of e-mail accounts other than those belonging to the Department. This response is being made on behalf of the Offices of the Attorney General and Deputy Attorney General.

    Because the records you seek require a search in other Offices, our staff has not yet been able to complete a search to determine whether there are records within the scope of your request. Accordingly, we will be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the statute. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

    We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request.

    I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at the above number or you may write to me at the above address.

                                            Sincerely,

                                            Stephanie B. Logan
                                            FOIA Specialist